UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOYCE A JONES,

    Plaintiff,

v.                                             CASE NO. 3:05-cv-240-J-16MMH

COMMUNITY NEWSPAPERS, INC, a
South Carolina corporation d/b/a Palatka
Daily News,

    Defendant.
_____/

**O R D E R**

Before the Court is Defendant's Motion for Summary Judgment (Dkt #30) to which a response was filed (Dkt #48). Defendant was granted leave to file a reply due to the Plaintiff's declaration of bankruptcy in her response. A sur-reply was filed and a hearing was held before this Court on August 3, 2006.

**I.    Procedural History**

On March 17, 2005, this case was removed from the 7th Judicial Circuit in and for Putnam County, Florida wherein a complaint was filed by the Plaintiff alleging damages as a result of an allegedly defamatory statement reported in the Putnam Daily News, owned by Northeast Florida Newspapers which in turn is owned by Community Newspapers. Plaintiff alleges in her complaint that Palatka Daily News was negligent and grossly negligent as defined by Section 768.72 (2)(b) in ascertaining and verifying the facts of the ownership of Jones Trucking and in making the publication. As a result of that negligence, Plaintiff claims that the one and only customer of Jones Trucking terminated its business relationship with Jones Trucking a few days after the publication

which consequently led to the de facto termination of Plaintiff's business.

## II.     Factual Background

On Saturday, January 8, 2005 an article titled "Separate Busts Dent Local Coke Supply" appeared in the Palatka Daily News.  The story states that four individuals were indicted by a federal grand jury for conspiracy and distribution of crack cocaine.  Identified, in addition to the others, were James "Charles" Jones and his brother Calvester "Cal" Jones.  The story also stated that "the Jones brothers also own Jones Trucking on State Road 17 in Palatka".  The Plaintiff in this case, Joyce A. Jones, is the wife of James "Charles "Jones and sister-in-law of Calvester "Cal" Jones.  Plaintiff claims that she is the sole owner of Jones Trucking and she was defamed by this statement in the Palatka Daily News and has suffered damages to her personal and business reputations.

## III.    Standard of Review

The Court should grant a motion for summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact [such] that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987); Edwards v. Acadia Realty Trust, Inc., 141 F. Supp. 2d 1340, 1344-45 (M.D. Fla. 2001).  The Court will construe the record and all inferences that can be drawn from it in the light most favorable to the nonmoving party, and the moving party bears the initial burden of establishing the absence of a genuine material fact.  See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Samples on Behalf of Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988).  Once this burden is met, however, the opposing party must "go beyond the pleadings and by [her] own affidavits, or by the 'depositions, answers to interrogatories, and

admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 342.  The Eleventh Circuit explained in Samples that the opposing party need only present evidence from which a jury might return a verdict in her favor in order to survive the moving party's motion for summary judgment.  See Samples, 846 F.2d at 1330; see also Augusta Iron & Steel Works v. Employers Insurance of Wausau, 835 F.2d 855, 856 (11th Cir. 1988).

Notably, the Supreme Court pointed out in Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), that the moving party's burden only extends to facts that might affect the outcome of the lawsuit under the governing law, as "[f]actual disputes that are irrelevant or unnecessary will not be counted."  Summary judgment will only be granted if all facts and inferences point overwhelmingly in favor of the moving party, such that a responsible jury could not find in favor of the opposing party.  See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000).  If there is conflicting evidence that will permit differing reasonable inferences, the case will be submitted to the jury.  See Augusta Iron & Steel, 835 F.2d at 856.  Conversely, if the nonmoving party presents merely colorable evidence that is not sufficiently probative or material, the Court can grant summary judgment in favor of the moving party.  See Anderson, 477 U.S. at 249-50; Baldwin County, Alabama v. Purcell Corp., 971 F.2d 1558 (11th Cir. 1992).  In other words, summary judgment is warranted against a nonmoving party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.

**IV.    Discussion**

Prior to the discussion on the merits of defamation, the Court will address the issue of judicial estoppel as raised by the Defendant in its reply.  Defendant states that Plaintiff filed for

Chapter 13 bankruptcy and that in her Statement of Financial Affairs filed with the Bankruptcy Court on October 7, 2005, she did not list the instant lawsuit as an asset. Defendant asserts that due to this omission, a statement which was made under penalties of perjury, Plaintiff is judicially estopped from bringing this claim against Community Newspapers.

Judicial estoppel is an equitable doctrine designed to protect the integrity of the judicial system by preventing parties asserting a claim in one legal proceeding that is inconsistent in a previous proceeding, from deliberately changing positions according to the exigencies of the moment, See New Hampshire v. Maine, 532 U.S. 742 (2001). This case goes on to enumerate the standards to be considered when applying judicial estoppel: (1) whether the present position is "clearly inconsistent" with the earlier position; (2) whether the party succeeded in persuading a tribunal to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding creates the perception that either court was misled; and (3) whether the party advancing the inconsistent position would derive an unfair advantage on the opposing party. *Id*. The 11th Circuit has applied these standards in Billups v Pemco Acroplex, Inc. (In Re Burnes), 291 F.3d 1282 (2002) and in DeLeon v. Comcar Industries, Inc. 321 F.3d 1289 (2003).

In applying the above standards to this case, there is no doubt that the Plaintiff advanced two clearly inconsistent positions. In fact, from the affidavit of Joyce Jones (Dkt #49-6, ¶23), Plaintiff states that after the allegedly defamatory article was published, Carustar terminated its business relationship with Jones Trucking, she lost her business and filed for personal bankruptcy. It is clear that Plaintiff blames the article in the Palatka Daily News for her loss of business resulting in her bankruptcy. If not for the alleged defamation, there would be no bankruptcy. Therefore, this lawsuit could not have slipped the Plaintiff's mind when completing the Statement of Financial Affairs. In

DeLeon and Burnes, the Court held that a "debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor lacks the knowledge of the undisclosed claims or has no motive for their concealment". Knowledge and motive to conceal clearly go to intent of the Plaintiff to make a mockery of the judicial system.

As for the second and third standards, as to whether the party succeeded in advancing its position and whether that party would derive an unfair advantage, the Court concludes that these two standards have not been met, only because the bankruptcy petition was dismissed for failure of the Plaintiff (Petitioner) to appear at the Debtors' Meeting. Had the bankruptcy progressed to the confirmation and discharge stage without Plaintiff correcting her Statement of Financial Affairs, it would be a different story. Therefore, while Plaintiff deliberately misled the Court in her bankruptcy petition, the Court finds that judicial estoppel does not apply absent a successful discharge of Plaintiff's debts and/or an unfair advantage on the opposing party.

Having concluded that judicial estoppel does not apply in this case, the Court now turns to the claim of defamation.

In order for a cause of action for defamation of a private person to be sustained, there are three elements that must be met: (1) that the publication must be of and concerning that private person (2) without reasonable care as to the truth or falsity of those statements and (3) resulting in actual damage to that private person. See Thomas v Jacksonville Television, Inc. 699 So2d 800 (1997)..

This Court finds that this case turns on the first element of defamation, that being "of and concerning" the private person. The newspaper article in question only referred to Jones Trucking in one sentence, paragraph 12, "The Jones brothers also own Jones Trucking on State Road 17 in

Palatka." The two page, 21 paragraph article is about the arrest and indictment of four Putnam County residents, not about Joyce Jones or Jones Trucking. The reference to Jones Trucking is only used as an identifyer. Correctly or incorrectly, this makes no difference because the statement was not "of or concerning" Joyce Jones. There was no inference that the business, Jones Trucking, was involved in illegal drug trafficking or acted as a "front" for such business. In McIver v Tallahassee Democrat, Inc., 489 So2d 793 (1986), the District Court of Appeal, First District found that the entire substance of the publication about the alleged incident was the presumed unlawful action by the individual McIver, that the corporation was mentioned only in identifying the individual, as president of that corporation. This Court finds a similar situation here in that the company, Jones Trucking, was mentioned only in identifying the Jones brothers and that even in the broadest interpretation of this article defamation against the Plaintiff cannot be found.

Accordingly, upon due consideration, it is hereby

**ORDERED and ADJUDGED** that the Defendant's Motion for Summary Judgment (Dkt. #30) is **GRANTED.** The Clerk is directed to enter final judgment for the Defendant.

**DONE AND ORDERED** at Jacksonville, Florida this ___29th___ day of August, 2006.

_____
JOHN H. MOORE II
United States District Judge

Copies to**:**   Counsel of Record

6