**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**JOYCE A. JONES,**

    Plaintiff,

vs.                                             Case No. 3:05-cv-240-J-16MMH

**COMMUNITY NEWSPAPERS, INC.,**
A South Carolina Corporation, d/b/a/
**PALATKA DAILY NEWS**,

    Defendant.
_____/

**O R D E R**

Before the Court are Defendant's Motion for Attorney's Fees and to Tax Costs (Dkt. 62) (the "Fee Motion") and Plaintiff's Response in Opposition (Dkt. 66) (the "Response") thereto, as well as Plaintiff's Amended Notice of Supplemental Authority (Dkt. 71). Plaintiff's Response challenges the timeliness of the Fee Motion but fails to address the reasonableness of the costs and fees sought. For the reasons that follow, Defendant's Fee Motion (Dkt. 62) is **GRANTED**.

**I.     Factual Background**

The merits of the underlying civil case are not relevant to the Court's consideration of the Fee Motion. In sum, however, on January 8, 2005, the Palatka Daily News ran an article titled "Separate Busts Dent Local Coke Supply." The article read that four individuals, including James "Charles" Jones and his brother Calvester "Cal" Jones were indicted by a federal grand jury for conspiracy and distribution of crack cocaine. The article also noted that the Jones brothers were the owners of Jones Trucking on State Road 17 in Palatka.

The Plaintiff in this case, Joyce A. Jones is the wife of James "Charles" Jones and the sister-in-law of Calvester "Cal" Jones. Plaintiff claims that she is the sole owner of Jones Trucking, she was defamed by the "ownership" reference in the Palatka Daily News and has suffered damages to her personal and business reputations as a result.

## II.     Pertinent Procedural Background

On August 29, 2006, this Court entered an Order (Dkt. 58) granting Defendant's Motion for Summary Judgment (Dkt. 30). The Clerk entered Judgment for Defendant (Dkt. 59) on August 30, 2006. On September 5, 2006, Plaintiff filed a Motion for Reconsideration (Dkt. 60), asking the Court to amend or alter its August 29, 2006, Order. The Court denied the Motion for Reconsideration on September 12, 2006 (Dkt. 61). On September 18, 2006, Defendant filed its Fee Motion (Dkt. 62) and Proposed Bill of Costs (Dkt. 63).

## III.    Discussion

Before addressing the merits of the Fee Motion, the Court must determine if it was filed timely. Both Fed.R.Civ.P. 54(d)(2)(B) and M.D. Fla. R. 4.18 (collectively the "Rules") require that a motion for attorney's fees be filed no later than fourteen (14) days from the entry of judgment.[1] In addition, M.D. Fla. R. 4.18 also reads that "[t]he pendency of an appeal from the judgment shall not postpone the filing of a timely application pursuant to this rule."

Plaintiff claims that Defendant's Fee Motion is untimely under the Rules (Dkt. 66, ¶¶ 2-3). Specifically, Plaintiff makes two arguments; first that the Rules require the Fee Motion to be filed

---

[1] Federal Rule of Civil Procedure 54(d)(1) does not impose a time limit for the filing of costs other than attorney's fees; however, M.D. Fla. R. 4.18 requires that all claims for costs "shall be asserted by separate motion or petition filed not later than fourteen (14) days following entry of judgment."

2

no later than September 13, 2006, and second, that while the Motion for Reconsideration (Dkt. 60) does toll the thirty (30) day period for filing a Notice of Appeal under Fed.R.App.P. 4(a)(1)(A), it does not toll the fourteen (14) day period for filing the Fee Motion under Fed.R.Civ.P. 54 (Dkt. 66 at p. 2). Because a motion to amend or alter, such as the Fee Motion, is not an appeal, the Court need not address Plaintiff's contention that the Motion for Reconsideration tolls the time period for filing an appeal under Fed.R.App.P. 4(a)(1)(A). Plaintiff's other contentions are incorrect.

A motion for reconsideration filed within ten (10) days after the court's order granting summary judgment is considered a Fed.R.Civ.P. 59(e) motion. See Prieto v. Storer Communications, Inc., 152 F.R.D. 654, 654 (M.D. Fla. 1994).[2] Federal Rule of Civil Procedure 59(e) reads that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry if the judgment."

In Members First Federal Credit Union v. Members First Credit Union of Florida, 244 F.3d 806 (11th Cir. 2001), the Eleventh Circuit held that a timely motion to alter or amend the district court's judgment acted to suspend time for the prevailing party to move for an award of attorney's fees. Specifically, the Eleventh Circuit stated that, "[a] timely Rule 59 motion to alter or amend judgment operates to suspend the finality of the district court's judgment 'pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties.'" Members First, 244 F.3d at 807. Having made this determination, the Eleventh Circuit then proceeded to find that a motion for attorney's fees filed thirteen (13) days after the

---

[2] See also Florida Land Title v. Martinez, No. 93-1779, 1995 Westlaw 839595 (M.D. Fla. Dec. 6, 1995), in which the court construed a motion for reconsideration filed within ten (10) days after the court's order granting summary judgment as a motion pursuant to Fed.R.Civ.P. 59(e).

district court ruled on the Rule 59 motion was timely in accordance with the requirements of N.D. Fla. R. 54.1.[3]

Based on the Eleventh Circuit's logic in Members First, the fourteen (14) day filing "clock" in this case began ticking only after the Court denied the Motion for Reconsideration on September 12, 2006. Defendant filed the Fee Application on September 18, 2006, well within the fourteen (14) days permitted under the Rules. Thus, the Fee Motion was timely.

Having determined that the Fee Motion was timely, the Court now addresses the reasonableness of the costs and fees requested. Plaintiff's Response (Dkt. 66) failed to address the reasonableness of the costs and fees requested; accordingly, Plaintiff has waived any right to make these arguments.

**Costs**

Federal Rule of Civil Procedure 54(d)(1) provides that costs other than attorney's fees "shall be allowed as a matter of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d)(1). When taxing costs under Fed.R.Civ.P. 54(d)(1), the district court may only tax those costs explicitly authorized by statute. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987). Under 28 U.S.C. § 1920(2) fees of the court reporter may be taxed.[4] As the

---

[3] N.D. Fla. R. 54.1 reads in pertinent part that "a motion for award of attorney's fees. . . shall be filed and served within the time specified in the scheduling order . . . ." In Members First the scheduling order allowed a motion for attorney's fees to be filed within thirty days after judgment. Members First, 244 F.3d at 607.

[4] Under 28 U.S.C. § 1920, the following costs may be taxed:

> (1) Fees of the clerk and marshal; (2) Fees of the court reporter; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts,

prevailing party, Defendant is seeking reimbursement of $540.55 in costs paid in fees to a court reporter for transcripts of depositions taken and used in support of Defendant's Motion for Summary Judgment (Dkt. 62, ¶ 5; Ex. A). The requested costs are allowed under 28 U.S.C. § 1920(2). The Court therefore awards Defendant costs in the amount of $540.55.

**Fees**

Defendant also claims that it incurred attorney's fees in the amount of $30,362.66. In support of this claim, Defendant supplied the Court with Affidavits from its attorneys, Mr. David E. Hudson and Mr. Brooks C. Rathet (Dkt. 62, Exs. C & D).

Federal Rule of Civil Procedure 54(d)(2)(B) requires that motions for attorney's fees specify the grounds entitling a moving party to the award, and state the amount or provide a fair estimate of the amount sought. Fed.R.Civ.P. 54(d)(2)(B).

In the Affidavits, Mr. Hudson claims that he worked 79.1 hours at $250.00 per hour for a total of $19,768.50 (Dkt. 62, Ex. C) and Mr. Rathet claims that he worked 60.5 hours at $175.00 per hour for a total of $10,594.16 (Dkt. 62, Ex. D). In addition, both Mr. Hudson and Mr. Rathet attached copies of detailed billing statements to their respective Affidavits. These statements reflect a clear division of labor between co-counsel with no evidence of double billing or churning. The billing rates submitted by both counsel, $250.00 for Mr. Hudson and $175.00 for Mr. Rathet, are well within the reasonable range for this type of a case. Therefore, the Court finds that the fees Defendant is seeking in this case are reasonable and awards Defendant fees in the in the amount requested of $30,362.66.

---

compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

**IV.**     **Conclusion**

Accordingly, for the reasons set forth above, Defendant's Fee Motion (Dkt. 62) is **GRANTED**. Plaintiff shall pay Defendant costs in the amount of $540.55 and attorney's fees in the amount of $30,362.66.

**DONE AND ENTERED** in Chambers at Jacksonville, Florida, this 14th day of December, 2006.

                                                                                          _____
                                                                                          JOHN H. MOORE II
                                                                                          United States District Judge

**Copies to:**     Counsel of Record